Turner, J.,
 

 dissenting. We dissent because we are of the opinion that appellant had but one cause of action growing out of a single right of action. The right of action claimed by appellant in both the trust and ejectment cases was his primary right to recover the fee simple title to certain real estate.
 

 Under appellant’s claimed facts he had two remedies —one equitable and one legal. He could have asked for relief under both theories in a single cause of action. He elected to proceed in chancery alone thereby abandoning his legal remedy in the event that his equitable cause was
 
 entertained.
 
 The fact that he lost in chancery does not change the situation, although had the court refused to
 
 entertain
 
 his petition for equitable relief there would have been no eletítion for the simple reason that he had no equitable cause to try.
 

 Again, had appellant brought his action to declare a trust during the lifetime of Ada L. McDannold and lost and then after her death had brought his action in, ejectment on the theory that the title had descended to him as surviving spouse, there would have been no inconsistency and no occasion for the application of the doctrines of election, estoppel or
 
 res judicata.
 

 After the death of Ada L. McDannold, plaintiff had two remedies for the vindication of his single claimed
 
 *324
 
 right but not two causes of action. The recovery sought in both cases was the fee simple title to the same real estate. The excuse given in argument for the procedure was that appellant sought through the trust case to avoid the inheritance and estate taxes. Such claim necessarily admits that there was a deliberate and not an accidental election. Appellant gambled and lost. The judgment of the Court of Appeals should be affirmed.
 

 Weygandt, C. J., concurs in the foregoing dissenting opinion.